UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Case # 20-CR-110-FPG-JJM

v.

DECISION AND ORDER

ERNEST GREEN,

Defendant.

## INTRODUCTION

Defendant Ernest Green is charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). By Order dated August 4, 2020, the Court[1] referred this case to United States Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B). ECF No. 3.

On January 25, 2021, Defendant moved, *inter alia*, to suppress statements he made following his arrest on August 4, 2020, and to exclude DNA evidence obtained from the firearm in question. ECF No. 42. Judge McCarthy held oral argument on February 23, 2021, ECF No. 47, and issued a Report and Recommendation on March 31, 2021 (the "R&R"), recommending that Defendant's motions be denied, ECF No. 53.

On April 14, 2021, Defendant timely objected to Judge McCarthy's R&R, asserting that (1) law enforcement interrogated Defendant before administering *Miranda* warnings, (2) the *Miranda* warnings were administered too quickly and therefore Defendant's waiver was not knowing and voluntary, and (3) DNA evidence should be excluded or Defendant should be permitted to renew his motion to exclude DNA evidence at a later time.

---

[1] The case was originally assigned to the Honorable Lawrence J. Vilardo and was transferred to the undersigned on September 10, 2020. ECF No. 15.

For the reasons that follow, the Court ADOPTS IN FULL Judge McCarthy's R&R, ECF No. 53, and Defendant's motions are DENIED.

## LEGAL STANDARD

On a dispositive matter—*e.g.*, motions to suppress and to dismiss the indictment—the magistrate judge may only issue an R&R. 28 U.S.C. § 636(b)(1)(B). A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009). After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3).

## DISCUSSION

### I. Defendant Was Not Interrogated Without Receiving *Miranda* Warnings

Defendant first argues that his statements to law enforcement captured on video after his arrest on August 5, 2020, but before he was issued *Miranda* warnings, must be suppressed. The Court disagrees.

It is well-settled that police may not interrogate a suspect who has been taken into custody without first advising him of his *Miranda* rights. *United State v. Newton*, 369 F.3d 659, 668 (2d Cir. 2004). However, it is only in the context of a custodial interrogation that a defendant is entitled to be informed of his *Miranda* rights. *Dickerson v. United States*, 530 U.S. 428, 434-35 (2000); *Tankleff v. Senkowski*, 135 F.3d 235, 242-43 (2d Cir. 1998). "[C]ustodial interrogation [ ] mean[s] questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v.*

*Arizona*, 384 U.S. 436, 444 (1966).  In other words, "[a]n interrogation occurs when a suspect is subjected to either express questioning or its functional equivalent and his statements are the product of words or actions on the part of the police that 'were reasonably likely to elicit an incriminating response.'"  *United States v. Familetti*, 878 F.3d 53, 57 (2d Cir. 2017) (quoting another source).  "Volunteered statements of any kind are not barred by the Fifth Amendment."  *Miranda*, 384 U.S. at 478.

The Court has reviewed the video recording of Defendant's interactions with law enforcement and agrees with Judge McCarthy that Defendant's statements to law enforcement before the *Miranda* warnings were not prompted by interrogation.  In the video, Defendant appears agitated and frustrated that law enforcement arrested him.  Defendant initiates conversation with the law enforcement officer regarding the timing of and manner in which he was arrested.  Defendant appears angry that he was arrested in front of his children, insists that the charges are fraudulent, and questions how he was surveilled.  But at no point does the law enforcement officer in the room ask Defendant any questions, let alone any questions likely to elicit an incriminating response.  Instead, Defendant's animated statements were entirely volunteered.  *Wolfrath v. Lavallee*, 576 F.2d 965, 973 n.6 (2d Cir. 1978) ("[S]ince the statement . . . was a gratuitously volunteered statement, *Miranda* itself is inapplicable . . . .").

**II.     Defendant's Waiver Was Knowing and Voluntary**

Next, Defendant argues that his post-*Miranda* statements must be suppressed because the warnings were administered to him too quickly and that he never expressly agreed to waive his *Miranda* rights.

"The Government bears the burden of proving by a preponderance of evidence that a valid waiver occurred."  *United States v. Murphy*, 703 F.3d 182, 192 (2d Cir. 2012).  To prove a valid

waiver, the Government must prove that Defendant's relinquishment of his rights was (1) "knowing, which is to say that the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it," and (2) "voluntary, which is to say that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *United States v. Plugh*, 648 F.3d 118, 127 (2d Cir. 2011) (quoting another source).

Defendant claims that because the *Miranda* warnings were administered to him "so quickly"—*i.e.*, in less than ten seconds—"[t]here was no way that [he] could substantively be advised of his rights." ECF No. 42 ¶ 28. But Defendant does not claim that the warnings were incomplete, confusing, or that he did not understand them. *See United States v. Hunter*, No. 20-CR-136 (WMW/HB), 2020 WL 7496502, at *4 (D. Minn. Nov. 6, 2020), *report and recommendation adopted*, 2020 WL 7489766 (Dec. 21, 2020) ("Although the Court agrees that Officer Schroder read the *Miranda* warning in a rushed manner, the words were still clear and understandable. The Court concludes that the warning, coupled with Schroeder's introductory comments confirming that Hunter had heard the warnings before, gave Hunter the requisite 'level of comprehension' to effect a valid waiver."); *United States v. Peragine*, No. 15-CR-395, 2016 WL 11440140, at *9 (N.D. Ga. July 6, 2016) ("[W]hile Agent Orkin recited the standard *Miranda* warnings quickly, the [audio] recording makes clear that he spoke clearly and calmly, and that Peragine clearly said 'yes sir' when asked whether he understood those rights.").

Indeed, Defendant enthusiastically answered "of course" when law enforcement asked if Defendant understood his rights, and then continued to speak. As Judge McCarthy recognized, "a waiver need not be express." *Plugh*, 648 F.3d at 127. Where, as here, the Government demonstrates "that a *Miranda* warning was given and that it was understood by the accused, an

4

accused's uncoerced statement establishes an implied waiver of the right to remain silent." *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010).

### III. DNA Evidence

Finally, Defendant moves to exclude the DNA lab reports prepared by the Erie County Central Police Services Forensic Laboratory concerning the firearm at issue, arguing that the DNA analysis performed on the firearm is unreliable. Judge McCarthy correctly recommended that the motion be denied without prejudice because "such a motion is more appropriately handled according to a scheduling order set by the trial court." ECF No. 53 at 9.

The Court agrees with Judge McCarthy. The Court cannot decide the merits of Defendant's motion at this time based on the record before it. Accordingly, the motion will be denied without prejudice to renew prior to trial.

### CONCLUSION

The Court has reviewed the remaining, unopposed portions of Judge McCarthy's R&R and finds that they are free of clear error. For the foregoing reasons, the Court ADOPTS IN FULL Judge McCarthy's R&R, ECF No. 53, and DENIES Defendant's motion to suppress, ECF No. 42. Defendant may renew his motion to exclude the DNA evidence prior to trial.

IT IS SO ORDERED.

DATED:   May 6, 2021
         Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court