UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                      Case # 20-CR-110-FPG-JJM

v.

                                                      DECISION AND ORDER

ERNEST GREEN,

                                    Defendant.

## INTRODUCTION

Defendant Ernest Green is charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  By Order dated August 4, 2020, the Court[1] referred this case to United States Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B) for initial consideration.  ECF No. 3.

On January 25, 2021, Defendant moved, *inter alia*, to suppress statements he made following his arrest on August 4, 2020, and to exclude DNA evidence obtained from the firearm in question.  ECF No. 42.  Judge McCarthy issued a Report and Recommendation on March 31, 2021, recommending that Defendant's motions be denied.  ECF No. 53.

On May 6, 2021, the Court adopted Judge McCarthy's Report and Recommendation and denied Defendant's motions.  The Court clarified that it denied the motion regarding DNA evidence without prejudice because it could not "decide the merits of Defendant's motion at this time based on the record before it."  ECF No. 57 at 3.

---

[1] The case was originally assigned to the Honorable Lawrence J. Vilardo and was transferred to the undersigned on September 10, 2020.  ECF No. 15.

Defendant then filed a motion to exclude the DNA evidence.  ECF No. 63.  At a hearing on the motion, the Court reserved on the motion and defense counsel indicated that he intended to file another motion regarding suppression.  Accordingly, the Court re-referred the case to Judge McCarthy.  ECF No. 65.  Defendant filed the instant motion to suppress the DNA evidence on July 19, 2021.  ECF No. 71.

On September 20, 2021, after briefing and oral argument, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that Defendant's motion to suppress the DNA evidence be denied.  ECF No. 80.  Defendant objected on October 14, 2021, ECF No. 83, and the Government responded on October 29, 2021, ECF No. 85.

For the reasons that follow, the Court ADOPTS IN FULL Judge McCarthy's R&R, ECF No. 80, and DENIES Defendant's motion to suppress the DNA evidence, ECF No. 71.

## LEGAL STANDARD

On a dispositive matter—*e.g.*, motions to suppress—the magistrate judge may only issue an R&R.  28 U.S.C. § 636(b)(1)(B).  A district court reviews those portions of an R&R to which a party has timely objected *de novo*.  Fed. R. Crim. P. 59(b)(3).  When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error.  *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).  After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify the recommendation."  Fed. R. Crim. P. 59(b)(3).

## DISCUSSION

Defendant seeks suppression of a DNA sample collected in connection with an earlier murder investigation and a DNA sample collected pursuant to a search warrant in this case, both of which were compared to DNA evidence collected from the firearm at issue in this case.  Judge

2

McCarthy found that suppression was not warranted.  The Court agrees with Judge McCarthy. disagrees.

In 2012, Defendant was charged federally with a variety of offenses including the robbery, extortion, kidnapping, and murder of Jabril Harper (the "Harper Counts").  In 2018, a jury acquitted Defendant of some of the charges, but hung with respect to the Harper Counts.  Before a retrial on the Harper Counts, Defendant moved to dismiss on speedy trial grounds.  The Court dismissed the Harper Counts on speedy trial grounds, *United States v. Green*, No. 12-CR-83, 2018 WL 786185 (W.D.N.Y. Feb. 8, 2018), and the Second Circuit affirmed, *United States v. Black*, 918 F.3d 243 (2d Cir. 2019).

At some time before the charges were dismissed, however, state law enforcement had obtained a DNA sample (the "DNA Sample") from Defendant in relation to a state investigation into the murder of Jalil Harper, which investigation "remains pending with the Buffalo Police Homicide Department."  ECF No. 72 at 2.  Law enforcement used the DNA Sample to connect Defendant to the firearm that he allegedly possessed in this case.  After the Harper Counts were dismissed, the Erie County Police Services Forensic Laboratory conducted an analysis and issued a September 3, 2020 DNA Analysis Report in which it concluded that the major DNA profile recovered from the firearm matched the DNA profile obtained from the DNA Sample.  However, the DNA Analysis Report also indicated that additional buccal specimens were required for further analysis.  Accordingly, on September 10, 2020, the FBI obtained a search warrant from Magistrate Judge H. Kenneth Schroeder to obtain a buccal swab from Defendant's mouth for lab testing.  The search warrant application referenced the DNA Sample, but did not indicate that the DNA Sample was related to the dismissed initial federal prosecution.

Defendant argues that, upon the dismissal of the Harper Counts, the DNA Sample should have been expunged from the index of DNA records maintained by the FBI pursuant to 34 U.S.C. § 12592(d)(1)(A)(ii).  Because those details were omitted from the application for a search warrant to Judge Schroeder, Defendant argues that the second DNA sample obtained as a result should similarly be suppressed.

Judge McCarthy recommended denying Defendant's motion on the basis that the law does not require expungement of the DNA Sample, and even if the index of the DNA Sample should have been expunged, there was no violation of the law here.  ECF No. 80.  Defendant objects to Judge McCarthy's conclusions.

The Court agrees with Judge McCarthy's R&R.  There is no support for Defendant's argument that the DNA Sample should be suppressed pursuant to 34 U.S.C. § 12592.  That Act "authorized the FBI Director to establish a DNA index, including DNA identification records of persons charged or convicted of crimes . . . to facilitate law enforcement exchange of DNA identification information." *Cowels v. Federal Bureau of Inv.*, 936 F.3d 62, 63 (1st Cir. 2019). The FBI Director created such a combined DNA index system, "which aggregates all the DNA records contained in the state databases [and] is managed by the FBI." *Id.*

The Act requires the FBI Director to "promptly expunge from the index . . . the DNA analysis of a person included in the index . . . if the Attorney General receives, for each charge against the person on the basis of which the analysis was or could have been included in the index, a certified copy of a final court order establishing that such charge has been dismissed or has resulted in an acquittal or that no charge was filed within the applicable time period."  34 U.S.C. § 12592(d)(1)(A)(ii).  The Act imposes a similar requirement on states, requiring expungement

upon the state receiving a final court order establishing that a charge has been dismissed.  *Id.* § 12592(d)(2)(A)(ii).

First, Defendant argues that the DNA Sample should have been "destroyed" following the dismissal of the Harper Counts.  ECF No. 79 at 2.  Defendant provides no support for such a sweeping reading of the Act.  Rather, the Act simply requires that the *analysis* be expunged from the indices.  In other words, nothing in the Act requires that the sample itself be destroyed.

Second, even if the Court's dismissal of the Harper Counts triggered expungement of the DNA Sample analysis, Defendant has not established that the use of the DNA Sample in this prosecution violated the Act.  As Judge McCarthy correctly identified, the Act authorizes the establishment of a DNA index for individuals who have "been *charged* in an indictment . . . with a crime."  34 U.S.C. § 12592(a)(1)(B).  Here, Defendant was charged in August 2020 by way of Indictment.  Thereafter, the DNA Sample was used to compare the DNA recovered from the firearm.  Therefore, even if the DNA Sample analysis should have been expunged following the dismissal of the Harper Counts, the instant Indictment in August 2020 permitted the DNA Sample to be indexed for purposes of *this* prosecution.  Accordingly, there was no violation of the Act.

Even if there had been a violation of the Act, there is no indication that exclusion of the DNA Sample is the proper remedy.  As Judge McCarthy correctly pointed out, Congress knows how to create a statutory suppression remedy but did not do so with respect to 34 U.S.C. § 12592.

Because the Court concludes that there was no violation of the Act, it similarly agrees with Judge McCarthy that the omission of the source of the DNA Sample in the search warrant application was not somehow deficient or misleading.

**CONCLUSION**

The Court has reviewed the remaining, unopposed portions of Judge McCarthy's R&R and finds that they are free of clear error.  For the foregoing reasons, the Court ADOPTS IN FULL Judge McCarthy's R&R, ECF No. 80, and DENIES Defendant's motion to suppress, ECF No. 71.

IT IS SO ORDERED.

DATED:        November 2, 2021
              Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York