UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                     Case # 20-CR-110-FPG

v.

                                                     DECISION & ORDER

ERNEST GREEN,

                            Defendant.

## BACKGROUND

Defendant Ernest Green is charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). By Order dated August 4, 2020, the Court[1] referred this case to United States Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B) for initial consideration. ECF No. 3.

On January 25, 2021, Defendant moved, *inter alia*, to suppress statements he made following his arrest on August 4, 2020, and to exclude DNA evidence obtained from the firearm in question. ECF No. 42. Judge McCarthy issued a Report and Recommendation on March 31, 2021, recommending that Defendant's motions be denied. ECF No. 53.

On May 6, 2021, the Court adopted Judge McCarthy's Report and Recommendation and denied Defendant's motions. The Court clarified that it denied the motion regarding DNA evidence without prejudice because it could not "decide the merits of Defendant's motion at this time based on the record before it." ECF No. 57 at 3.

---

[1] The case was originally assigned to the Honorable Lawrence J. Vilardo and was transferred to the undersigned on September 10, 2020. ECF No. 15.

Defendant then filed a motion to exclude the DNA evidence.  ECF No. 63.  At a hearing, the Court reserved decision on the motion and defense counsel indicated that he intended to file another motion regarding suppression.  Accordingly, the Court re-referred the case to Judge McCarthy.  ECF No. 65.  Defendant filed a new motion to suppress the DNA evidence on July 19, 2021.  ECF No. 71.

On September 20, 2021, after briefing and oral argument, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that Defendant's motion to suppress the DNA evidence be denied.  ECF No. 80.   After briefing on objections, the Court adopted Judge McCarthy's R&R in full and denied Defendant's motion to suppress DNA evidence.  ECF No. 86.

At the pre-trial conference on December 15, 2021, Defendant made several new applications, most of which the Court decided on the record.  ECF No. 103.  The Court reserved on Defendant's application to bifurcate the charge.  For the reasons previously addressed at the pre-trial conference, Defendant's request to bifurcate the charge is DENIED.

The only remaining pending motion is Defendant's motion to exclude DNA evidence, which the Court treats as a motion *in limine*.  ECF No. 63.  For the reasons explained below and set forth in court at the pre-trial conference on December 15, 2021, Defendant's motion to exclude is DENIED.

**DISCUSSION**

Defendant moves to exclude DNA evidence or, in the alternative, hold a hearing under *Daubert v. Merrell-Dow Pharms. Inc.*, 509 U.S. 579 (1993).  Defendant's motion is DENIED.

Defendant argues that the Erie County Central Police Services Forensic Laboratory's ("ECCPSFL") analysis of DNA located on the subject firearm is unreliable and should therefore be excluded.  Defendant takes issue with ECCPSFL's use of a statistical tool generated by a

probabilistic genotyping software program called STRmix.  That software calculates the likelihood ratio ("LR")—the likelihood that the DNA material found on the firearm belongs to Defendant. The LR is determined, in part, by first calculating the minimum number of contributors to a particular DNA mixture.  In this case, that analysis concluded that the DNA profile from the firearm "is a mixture of DNA from two individuals, including at least one male individual."  ECF No. 42-3 at 1.  Although his argument is somewhat convoluted, Defendant appears to assert that STRmix software is unreliable and that the calculation that the DNA mixture has two contributors is "dependent on a subjective determination as to how many contributors to the mixture exist." ECF No. 63 ¶ 17.

Defendant's objection to the process seems to be based primarily on a misunderstanding of what the process requires.  It is not at all clear that ECCPSFL's DNA protocols call for any subjective determination regarding the number of potential contributors.  Instead, as Defendant acknowledges, the protocol explains that "the minimum number of contributors to a mixture is determined by counting the number of alleles at the locus that exhibits the greatest number of allelic peaks and then dividing that number by 2."  ECF No. 42-2 at 7.  If the maximum number of alleles is an odd number, the value is rounded up.  "For example, if at most 7 alleles are detected per locus, the resultant minimum number of contributors will be 4."  *Id.*  The policy notes that "[t]he number of contributors chosen for STRmix analysis should be the most likely number required to reasonably explain the observed profile."  *Id.*

Defendant focuses on that last sentence and suggests that the policy relegates to the technician too much discretion to determine the number of contributors.  But the word "chosen" does not imply that the technician simply and randomly chooses the minimum number of contributors.  Rather, the minimum number of contributors is determined by the procedure set forth

above: it requires that the technician count[2] the number of allelic peaks and then divide that number by two.[3]  The resulting number is entered into the STRmix to determine the LR.

In any event, at least two judges in this District have declined to preclude similar DNA evidence.  In *United States v. Rounds*, 10-CR-239, ECF No. 665, Judge Skretny permitted expert testimony from lab technician Kristen Betker regarding DNA profile analysis:

> In its "gatekeeper role," a court must make "a preliminary assessment of whether the reasoning or methodology underlying the [expert] testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *See Daubert v. Merrel Dow Parms, Inc.*, 509 U.S. 579, 592-93, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). Here though, Hunt does not challenge the scientific validity of the methodology that Betker employs in her reports. (*See* Docket No. 634, p. 5.) Rather, Hunt challenges the reliability of Betker's probability analysis based on what he alleges is a false factual premise—that no related individuals contributed to the DNA swab. But challenges to reliability and assertions of factual error in the application of a given methodology go to the weight of the evidence, not to admissibility. *See McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) (finding that disputes as to faults in methodology go to the weight, not the admissibility, of expert testimony); *see also Perkins v. Origin Medsystems, Inc.*, 299 F. Supp. 2d 45, 60 (D.Conn. 2004) (finding that challenge to expert witness's opinion as not reliably based on her application of methodology went to weight, not admissibility). Hunt will, of course, have a full and fair opportunity for cross-examination, which, rather than preclusion, is the proper mode for exposing any weaknesses in the expert's opinions. Consequently, Hunt's requests to preclude DNA evidence or to conduct a pretrial hearing are denied.

Similarly, and even more on point, in *United States v. Pettway*, No. 12-CR-103, 2016 WL 6134493 (W.D.N.Y. Oct. 21, 2016), Judge Skretny determined that "neither preclusion of the STRmix evidence nor a pretrial hearing are warranted."  *Id.* at *2.  Like there, Defendant here "offer[s] no specific challenge to the STRmix methodology or reliability, beyond [his]

---

[2] If anything is subjective it is the counting of the "peaks."  But Defendant does not argue this.

[3] Perhaps there is some confusion because the lab determined that there were two contributors here.  Defendant seems to suggest that the lab should divide the number of allelic peaks by however many contributors the technician determines there are.  But this does not make any sense.  The calculation *determines* the minimum number of contributors.  Therefore, the calculation always requires dividing the number of allelic peaks by two.

unsubstantiated 'belief' that the method is new and unreliable." *Id.* Defendant has not marshaled any evidence or facts to suggest that STRmix analysis is unreliable or scientifically invalid. To be sure, Defendant will have a full opportunity at trial to elicit testimony going to the weight that should be afforded this evidence. But Defendant's arguments do not go to admissibility and Defendant's motion should therefore be denied.

## CONCLUSION

For the reasons stated above, Defendant's motion to exclude evidence, ECF No. 63, is DENIED. However, Defendant indicated at the pre-trial conference that he may have additional relevant information on this issue and he therefore Defendant may file additional briefing, if necessary by December 23, 2021.

Defendant's motion to bifurcate the jury charge is DENIED.

Defendant's request that the jury be shown an implicit bias video was denied at the pre-trial hearing because the Court's jury instructions are sufficient. However, Defendant may file briefing on this issue, if necessary, by December 23, 2021.

Dated: December 20, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York